UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
Juan Pascal, on behalf of himself and all other persons similarly situated,

Plaintiff,

-against-

**COMPLAINT**

Vircan Group LLC d/b/a Salinas Restaurante y Bar De Tapas, Luis Bollo, Nicolas Matar, Donald Mikula, and Mary Catherine Mikula,

***Collective and Class Action***

Defendants.
---------------------------------------------------------------------X

Plaintiff, Juan Pascal ("Plaintiff"), on behalf of himself and all other persons similarly situated, through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, Vircan Group LLC d/b/a Salinas Restaurante y Bar De Tapas, Luis Bollo, Nicolas Matar, Donald Mikula, and Mary Catherine Mikula ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. The Defendants are engaged in the restaurant business. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants. The Plaintiff and similarly situated employees regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

2. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA 29 U.S.C. § 216(b).

3. Plaintiff also brings this action to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

4. Plaintiff brings this action on behalf of himself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages, spread-of-hours pay, and statutory damages under the NYLL.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

**THE PARTIES**

8. At all times relevant, Defendant, Vircan Group LLC, was and still is a domestic limited liability company that owns and operates a restaurant.

9. At all times relevant, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in cooking, prepping, and dish washing and used equipment to prepare materials, such as fruits, vegetables, grains, meat,

poultry, cooking vessels, cleaning supplies, paper products, furniture, kitchen utensils, and other tools, equipment and products, many of which originated in states other than New York.

10. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

11. At all times relevant, Defendant, Luis Bollo, is and/or was a member of the company, had authority to make payroll and personnel decisions for the company, was active in the day-to-day management of the company, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

12. At all times relevant, Defendant, Nicolas Matar, is and/or was a member of the company, had authority to make payroll and personnel decisions for the company, was active in the day-to-day management of the company, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

13. At all times relevant, Defendant, Donald Mikula, is and/or was a member of the company, had authority to make payroll and personnel decisions for the company, was active in the day-to-day management of the company, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

14. At all times relevant, Defendant, Mary Catherine Mikula, is and/or was a member of the company, had authority to make payroll and personnel decisions for the company, was active in the day-to-day management of the company, including the payment of wages to Plaintiff and

other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

15. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

16. Plaintiff brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, cleaning and/or maintaining the premises, bussing tables, and serving food and beverages at any time during the three (3) years prior to the filing of their respective consent forms.

17. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

18. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, kitchen workers, cooks, line cooks, food preparers, dishwashers, servers, bartenders and bussers as at any time during the three (3) years prior to the filing of their respective consent forms.

19. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

20. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, kitchen workers, cooks, line cooks, food preparers, dishwashers, servers, bartenders and bussers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

21. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

22. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

23. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(c) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(d) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(e) whether Defendants failed to provide accurate wage notices at the time of hire, as required by law;

(f) whether Defendants failed to provide accurate wage statements with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(g) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(h) whether Defendant's general practice of failing and/or refusing to pay Plaintiffs and Class overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

25. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

26. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

28. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

30. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

31. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

32. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FACTS**

33. Defendants own and operate a restaurant located at 136 9th Avenue, New York, New York 10011.

34. Plaintiff was employed by the Defendants as a cook from 2016 until 2026.

35. Plaintiff regularly worked more than 40 hours in a workweek.

36. Plaintiff regularly worked from 12:30 p.m. until at least 12:00 a.m. and often later, 5 days each workweek. Plaintiff regularly worked at least 60 hours per workweek and often more.

37. Defendants willfully failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate for those hours that he worked after forty hours per workweek.

38. Defendants willfully failed to pay Defendants willfully failed to pay Plaintiff an additional hour's pay for each day that Plaintiff's spread-of-hours exceeded 10 hours.

39. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

40. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

41. Defendants failed to provide Plaintiff with a wage notice at the time of hire that accurately stated the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(1).

42. Defendants failed to provide Plaintiff with accurate statements with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

43. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

44. As a result, Plaintiff was deprived of income for longer than he would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much he had been underpaid throughout his employment. Plaintiff would have asserted his wage claims sooner if accurate statements had been provided.

45. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

**FIRST CLAIM FOR RELIEF**
**(FLSA UNPAID OVERTIME WAGES)**

46. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

47. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiffs for all time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

48. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

49. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NYLL UNPAID OVERTIME WAGES)**

51. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

52. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

53. By Defendants' failure to pay Plaintiffs proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

54. Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

55. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NYLL SPREAD-OF-HOURS VIOLATION)**

56. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

57. Defendants failed to pay Plaintiffs one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

58. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

59. Plaintiffs are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**NYLL WAGE NOTICE VIOLATION**

60. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

61. Defendants failed to provide Plaintiffs with a written notice upon hire of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

62. Due to Defendant's failure to provide Plaintiffs with the notice and statement required by NYLL § 195(1), each Plaintiff is entitled to statutory damages.

**FIFTH CLAIM FOR RELIEF**
**WAGE STATEMENT VIOLATION**

63. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants failed to provide Plaintiffs with an accurate statements of their wages each pay period as required by NYLL § 195(3).

65. Due to Defendant's failure to provide Plaintiffs with the notices and statements required by NYLL § 195(3), each Plaintiff is entitled to statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Certification of this case as a collective action under 29 U.S.C. § 216(b);

ii. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

iii. Certification of this case as a class action under Fed.R.Civ.P. 23;

iv. Designation of Plaintiff as class representative and Plaintiff's counsel as class counsel;

v. Unpaid overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

vi. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

vii. All attorneys' fees and costs incurred in prosecuting these claims; and

viii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 2, 2026

ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: */s Peter A. Romero*

PETER A. ROMERO, ESQ.

*Attorneys for Plaintiff*